ELLIS v. THOMPSON.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

DEPOSITIONS—STRIKING OUT ANSWERS.
 At the trial of an action for breach of a contract to produce a play in a manner proper for a first-class theater, that portion of a written interrogatory in a deposition which asked, "Was or was not the play properly put upon the stage?" was objected to by defendant as calling for an opinion, and was stricken out with the express consent of plaintiff. *Held,* that under these circumstances the answer to the interrogatory that the defendant "was very marked in his want of part perfection and careful study" was also properly stricken out.

Appeal from judgment on report of referee.

Action by Henry Wayne Ellis against Denman Thompson. From a judgment entered on the report of a referee dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Waldorf H. Phillips, for appellant.
A. H. Hummel, for respondent.

PER CURIAM. The action was brought to recover $5,000 damages for an alleged breach of a contract, which provided that a play

called "Rich and Poor" should be produced by the defendant at as early a date as was reasonably convenient, in the United States, and in as proper a form as was consistent with the necessities of production in a first-class theater; that the defendant should pay the plaintiff $100 a week while the play was being played, until he should have paid the sum of $5,000; and that the defendant should produce the play continuously if there was reasonable success attending its production. This is the second trial, the first having been had before the court and a jury, when the complaint was dismissed; but the judgment entered upon such dismissal was reversed by this court, and in the opinion delivered upon such reversal (Ellis v. Thompson, 1 App. Div. 606, 37 N. Y. Supp. 468) all the facts are fully stated, as are the issues presented by the pleadings, and need not, therefore, be repeated. A statement of the facts, moreover, is unnecessary, because, in the absence of a certificate in the case that it contains all the evidence given upon the trial, we cannot review the facts for the purpose of determining whether they support the findings of the referee. This leaves for our consideration the exceptions in the case, which, so far as they are urged or relied upon on this appeal, relate exclusively to rulings upon evidence.

The first of these relates to the striking out of the answer of the witness Salisbury, who was examined upon written interrogatories, and was asked, "Was or was not the play properly put upon the stage at the said representations?" The objection was taken to so much of the question as called for the opinion of the witness, and the answer was excluded by the referee. This ruling was expressly assented to by the counsel for the appellant. The statement of the witness, therefore, that "Mr. Thompson was very marked in his want of part perfection and careful study," was not either responsive to any question asked, nor was it competent to permit it to be placed upon the records. That this was a summary of the witness' view, and an expression of opinion, is self-evident; and the ruling that the witness should not be allowed to express an opinion, but only to state facts which he observed, having been assented to, we do not see how this exception is available. The same reasoning may be applied to the objection, which was sustained, to the fourteenth interrogatory: "Did or did not the company give evidence of having properly rehearsed the play before said representations?" The objection here was that it called for the conclusion of the witness, and not for any facts, nor even for his opinion as an expert; and the ruling made by the referee we see no reason to interfere with. There were some minor rulings which were upon matters so immaterial that, whether rightly or wrongly decided, they could not affect the result; and upon an examination of the whole record we can find no ruling of the referee which was so erroneous or prejudicial as to justify our interfering with his conclusion.

The judgment should therefore be affirmed, with costs.